UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:25-cv-03880-CAS-AJRx | | Date | June 30, 2025 |
|---|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | | |

**Present: The Honorable**   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:
Not Present                              Not Present

**Proceedings:**      (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S THIRD, FOURTH, FIFTH, AND SIXTH
CLAIMS (Dkt. 6, filed on May 8, 2025)

## I.      INTRODUCTION

On April 7, 2025, plaintiff Arutyun Darakchyan ("plaintiff") filed this action against defendants State Farm General Insurance Company ("State Farm") and Does 1-100. Dkt. 1, Ex. A ("Compl."). Plaintiff asserts six claims for relief: (1) breach of insurance contract; (2) tortious breach of the implied covenant of good faith and fair dealing; (3) unfair competition and practices in the business of insurance pursuant to Cal. Ins. Code § 790.03; (4) negligence; (5) unfair business practices pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL"); and (6) negligent misrepresentation. Id.

On May 1, 2025, State Farm removed the action to this Court on the basis of diversity of citizenship. Dkt. 1.

On May 8, 2025, State Farm filed the instant motion to dismiss plaintiff's third, fourth, fifth, and sixth claims. Dkt. 6 ("Mot."). On June 3, 2025, plaintiff filed an opposition. Dkt. 12 ("Opp."). On June 18, 2025, State Farm filed a reply.[1] Dkt. 15 ("Reply").

---

[1] As a threshold matter, State Farm argues that plaintiff failed to timely file his opposition brief, as it was filed 13 days before the original hearing date, as opposed to 21 days before the hearing date, as required by Local Rule 7-9. Reply at 1. The Court continued the hearing date for this reason and directed State Farm to file a reply. Dkt. 13. The Court will consider both the opposition and reply briefs. The Court admonishes plaintiff's counsel to follow all Local Rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

On June 27, 2025, prior to a scheduled hearing on June 30, 2025, the Court distributed a tentative order to the parties. On the morning of June 30, 2025, counsel for both parties agreed to submit on the tentative ruling and requested that the hearing be vacated. The Court placed their agreement on the record in lieu of holding a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following facts in his complaint. Plaintiff alleges that he is a resident of Los Angeles, California. Compl. ¶ 1. Plaintiff states that defendant State Farm is "one of the largest providers of homeowners insurance in the United States." Id. ¶ 2. According to plaintiff, on an unspecified date, State Farm issued an insurance policy to plaintiff, Policy No. 75-KC-N222-3. Id. ¶ 4. Plaintiff states that this policy, which provided homeowner's insurance coverage, was in effect at the time of his alleged loss. Id. Plaintiff alleges that on or about February 2, 2024, plaintiff's residence, located at 5411 Donna Avenue, Tarzana, CA 91356, was burglarized. Id. ¶ 5. The complaint does not identify which items were allegedly taken from plaintiff's residence or any other details about the burglary. Id. Plaintiff alleges that the occurrence of the burglary was reported to State Farm "in a timely manner, pursuant to the terms of the [p]olicy." Id. Plaintiff states that after filing his claim, State Farm issued a claim number, identifying it as Claim No. 75-63C1-07B. Id. ¶ 6.

Plaintiff states that State Farm systematically and unreasonably delayed the resolution of his claim. Id. ¶ 7. According to plaintiff, from approximately February 2024 to January 2025, State Farm conducted an investigation of whether plaintiff's claimed damages were covered pursuant to the policy. Id. ¶ 8. Plaintiff asserts that he fully complied with all requests in support of the investigation. Id. Plaintiff alleges that State Farm "confirmed" that his residence was a "covered location" and "confirmed that a duty was owed" to plaintiff under the policy terms. Id. ¶ 9. However, plaintiff alleges that State Farm failed to conduct a thorough investigation of his claim and ultimately denied it without proper cause. Id. ¶ 10. Plaintiff states that on January 16, 2025, State Farm denied approximately $80,000 in claimed damages from the burglary, due to plaintiff's purported breach of his duties under the policy. Id. ¶ 11. Plaintiff states that State Farm had "no basis" to make this finding. Id. ¶ 54. Plaintiff alleges that State Farm intentionally misrepresented material facts to plaintiff regarding the administration of his claim and its efforts to resolve them, leading to unreasonable delay. Id. ¶¶ 12-13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

Plaintiff describes State Farm's actions as unlawful, unfair, and fraudulent business practices intended to minimize plaintiff's receipt of policy benefits. Id. ¶ 15. According to plaintiff, this included State Farm failing to timely and fully pay plaintiff's claim; failing to timely indemnify plaintiff; deliberately misrepresenting policy provisions "to limit State Farm's financial exposure and contractual obligations"; failing to objectively evaluate plaintiff's claim; failing to pursue settlement in good faith, in order to discourage plaintiff from pursuing his policy benefits; compelling plaintiff to institute litigation; interpreting the policy in an unduly restrictive manner; and failing to abide by the rules promulgated by the Insurance Commissioner. Id. ¶ 16. Plaintiff alleges that State Farm's conduct constitutes a general business practice designed to defraud plaintiff of his rights under the policy, in conscious disregard of plaintiff's rights and with an intent to injure plaintiff. Id. ¶ 18.

III.    **LEGAL STANDARD**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

### A.    Third Claim Pursuant to Cal. Ins. Code § 790.03

State Farm argues that plaintiff's third claim, pursuant to Cal. Ins. Code § 790.03, fails because the statute does not provide for a private right of action. Mot. at 3. Rather, State Farm contends that "[o]nly the State of California Insurance Commissioner can bring this type of action." Id. (citing Moradi-Shalal v. Fireman's Fund Ins. Companies, 46 Cal. 3d 287, 304 (1988)).

In opposition, plaintiff argues that while Moradi-Shalal held that § 790.03 provides no private right of action from damages resulting from unfair insurer practices, it also held that common law claims remain cognizable. Opp. at 3. Additionally, plaintiff contends that UCL claims presented by a private litigant may be based on insurer practices, as long as they do not rest exclusively on § 790.03 practices. Id. at 4 (citing Zhang v. Superior Ct., 57 Cal. 4th 364, 383 (2013)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|----------|------------------------|------|---------------|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

In reply, State Farm argues that the opposition brief appears to confuse § 790.03 with the UCL. Reply at 2. State Farm contends that it is settled law that § 790.03 does not provide a private right of action. Id. at 2-3.

It appears that plaintiff does not dispute that § 790.03 does not provide a private right of action. Cal. Ins. Code § 790.03 defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. Plaintiff alleges that State Farm violated § 790.03(a), which prohibits "[m]aking, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular, or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby." Compl. ¶ 41. In Moradi-Shalal, the California Supreme Court held that § 790.03 does not "create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)." Moradi-Shalal, 46 Cal. 3d at 304. "This rule applies to both first party and third party claims." Textron Fin. Corp. v. Nat'l Union Fire Ins. Co., 118 Cal. App. 4th 1061, 1070 (2004). Plaintiff's arguments may be relevant to his other claims, but as for § 790.03, the authority cited in his opposition brief confirms that "[p]rivate UIPA [the Unfair Insurance Practices Act, Cal. Ins. Code § 790 et seq.] actions are absolutely barred." Zhang, 57 Cal. 4th at 384 (citations omitted).

Accordingly, the Court finds that dismissal of plaintiff's third claim is warranted. See Hrant Vardazaryan v. Liberty Mut. Fire Ins. Co., et al. Additional Party Names: Liberty in Los Angeles Superior Ct., No. CV 23-7239-JFW (JCx), 2023 WL 8884391, at *3 (C.D. Cal. Nov. 2, 2023) (dismissing plaintiff's § 790.03 claim because private actions are barred under Moradi-Shalal); see also Worth Bargain Outlet v. AMCO Ins. Co., No. 09CV839 DMS (WMC), 2010 WL 2898264, at *12 (S.D. Cal. July 21, 2010) ("[V]iolations of section 790.03(h) do not give rise to a private right of action."). The Court acknowledges, however, that the factual basis for plaintiff's purported § 790.03 claim remains actionable under his claim for breach of the implied covenant of good faith and fair dealing, which State Farm has not challenged.

**B.    Fourth Claim for Negligence**

State Farm argues that plaintiff's fourth claim for negligence fails because plaintiff alleges only that State Farm breached its contract with plaintiff, not that State Farm breached any other duty owed to plaintiff. Mot. at 3-4.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

In opposition, plaintiff argues that State Farm assumed a legal duty to plaintiff, irrespective of its contract with plaintiff, when it conducted its investigation for coverage of plaintiff's residence. Opp. at 4. Plaintiff argues that State Farm breached this duty by failing to conduct an adequate investigation. Id. According to plaintiff, State Farm unreasonably waited one year to conduct the investigation, which was an act of negligence that occurred before State Farm's contractual duties applied. Id.

In reply, State Farm argues that plaintiff still fails to allege that State Farm breached a duty separate from the contract, as State Farm's duty to investigate plaintiff's claim arises out of the Policy. Reply at 3.

"To succeed in a negligence action, the plaintiff must show that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the duty, and (3) the breach proximately or legally caused (4) the plaintiff's damages or injuries." Thomas v. Stenberg, 206 Cal. App. 4th 654, 662 (2012). Under California law, "[t]he relationship between insured and insurer is contractual." Benavides v. State Farm Gen. Ins. Co., 136 Cal. App. 4th 1241, 1248 (2006). "Negligence is not among the theories of recovery generally available against insurers." Croskey et al., Cal. Practice Guide: Insurance Litigation, § 12:818 (citing Adelman v. Associated Int'l Ins. Co., 90 Cal. App. 4th 352, 369 (2001)). "If an insured seeks to recover in tort for an insurer's mishandling of a claim, it must allege more than mere negligence." Adelman, 90 Cal. App. 4th at 369. California case law "support[s] the conclusion that the proper method for addressing a wrongful refusal to pay policy benefits is to assert claims for breach of contract and breach of the covenant of good faith and fair dealing or bad faith, not negligence." Tanvilai v. Safeco Ins. Co. of Am., No. SACV 07-01339-CJC-MLG, 2008 WL 11338883, at *4 (C.D. Cal. Mar. 27, 2008).

Here, plaintiff appears to argue that his negligence claim is independent of his breach of contract claim because State Farm's duty to adequately investigate plaintiff's insurance claim existed outside of his insurance policy, i.e., the contract. However, "California courts prohibit negligent investigation and adjustment claims against insurers." Doyle v. Safeco Ins. Co. of Am., No. CV F 08-1587-LJO-GSA, 2008 WL 5070055, at *6 (E.D. Cal. Nov. 26, 2008). Under California law, a plaintiff's "allegation of inadequate investigation [cannot], as a matter of law, support a separate claim in negligence." Everett Assocs., Inc. v. Transcon. Ins. Co., 159 F. Supp. 2d 1196, 1204 (N.D. Cal. 2001), aff'd, 35 F. App'x 450 (9th Cir. 2002). This is because "the granting of a tort remedy to [] plaintiffs based on [an insurer's] alleged negligent investigation and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                        **'O'**

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

adjustment of a claim would run counter to the principles articulated by the [California] Supreme Court in Moradi-Shalal[.]" Adelman, 90 Cal. App. 4th at 370, n.11.

Because plaintiff does not articulate a duty negligently breached by State Farm other than an alleged negligent investigation, which is not independently cognizable, the Court dismisses plaintiff's negligence claim. See Stott v. United Servs. Auto. Ass'n, No. CV 24-7395-KK-SPX, 2025 WL 806335, at *7 (C.D. Cal. Jan. 6, 2025) (dismissing negligence claim against insurer based on allegation of inadequate investigation); Vardazaryan, 2023 WL 8884391, at *3 (same); Redjai v. Hartford Cas. Ins. Co., No. SACV 13-00151-JST-RNBx, 2013 WL 12129649, at *4 (C.D. Cal. May 6, 2013) (same).

## C.    Fifth Claim Pursuant to the UCL

State Farm argues that plaintiff's unfair competition claim fails because plaintiff only seeks compensatory damages, which are not available under the UCL. Mot. at 4. State Farm contends that plaintiff cannot cure this defect because if he seeks to amend the complaint to obtain equitable relief, plaintiff cannot show that he lacks an adequate remedy at law. Id. According to State Farm, plaintiff has not alleged and cannot allege any facts "suggesting that damages are inefficient to make [him] whole." Id.

In opposition, plaintiff states that his UCL claim encompasses violations of the unlawful, unfair, and fraudulent prongs of the UCL. Opp. at 5. Plaintiff asserts that State Farm intentionally, unfairly, and unlawfully deceived plaintiff when it claimed to have conducted a thorough investigation prior to denying plaintiff's claim for damages to his residence. Id. Further, plaintiff contends that State Farm forced plaintiff to submit to "various duplicative requests, such as requesting proof of items that were in the [r]esidence at the time of the burglary." Id. Finally, plaintiff states that State Farm unfairly and fraudulently denied his claim by asserting that plaintiff himself had breached a provision of the policy. Id.

In reply, State Farm contends that the arguments in plaintiff's opposition brief do not address the remedy issue. Reply at 3.

The UCL, codified in Cal. Bus. & Prof. Code § 17200, "prohibits any 'unlawful, unfair or fraudulent business act or practice.'" Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (2007). "[I]t establishes three varieties of unfair competition— acts or practices which are unlawful, or unfair, or fraudulent." Id. While a plaintiff may not rely only "on the proscriptions of section 790.03 as the basis for a UCL claim,"

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

"when insurers engage in conduct that violates both the UIPA [the Unfair Insurance
Practices Act, Cal. Ins. Code § 790 *et seq.*] and obligations imposed by other statutes or
the common law, a UCL action may lie." Zhang, 57 Cal. 4th at 384.  As recognized by
the California Supreme Court:

> [B]ad faith insurance practices may qualify as any of the three statutory forms of
> unfair competition.  They are *unlawful*; the insurer's obligation to act fairly and in
> good faith to meet its contractual responsibilities is imposed by the common law,
> as well as by statute.  They are *unfair* to the insured; unfairness lies at the heart of a
> bad faith cause of action.  They may also qualify as *fraudulent* business practices.
> Under the UCL, it is necessary only to show that the plaintiff was likely to be
> deceived, and suffered economic injury as a result of the deception."

Id. at 380 (emphasis in original).  Here, plaintiff's complaint alleges that State Farm
tortiously breached the implied covenant of good faith and fair dealing through State
Farm's bad faith conduct.[2]  Compl. ¶¶ 26-38.  State Farm does not challenge the
adequacy of this claim.  The Court therefore finds that, at minimum, the complaint states
a UCL claim under the unfair prong of the statute, as "unfairness lies at the heart of a bad
faith cause of action." See Zhang, 57 Cal. 4th at 380.  See also TFT, LLC v. Philadelphia
Indem. Ins. Co., No. CV2 0-6060-DMG-MAAx, 2020 WL 8839983, at *3 (C.D. Cal.
Dec. 30, 2020) (finding that, pursuant to Zhang, plaintiff adequately stated a UCL claim
under the unfairness prong when plaintiff adequately stated a tort claim for breach of the
implied covenant of good faith and fair dealing); Bikram's Yoga Coll. of India v.
Philadelphia Indem. Ins. Co., No. CV 14-5228-GHK-JCx, 2014 WL 12607689, at *2
(C.D. Cal. Aug. 26, 2014) (finding that plaintiff's claim of insurance bad faith, based on
allegations of repeated denials of coverage and delayed responses to claims, served as a
predicate to plaintiff's UCL claim); Redjai, 2013 WL 12129649, at *6 ("Plaintiffs have
stated a claim under the unfair prong of the UCL through their claim for breach of the
implied covenant of good faith and fair dealing.").

---

[2] The Court notes that claims for tortious breach of the implied covenant of good faith
and fair dealing are also referred to as "bad faith" claims in this context.  See Croskey et
al., Cal. Practice Guide: Insurance Litigation, § 12:1 ("'Bad faith' signifies a breach of
the covenant of good faith and fair dealing that is implied by law in every contract."); id.
§ 11:7 ("In the insurance context, breach of the implied covenant is actionable either as a
breach of contract or as a tort.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

Nonetheless, the Court identifies one deficiency in plaintiff's complaint that warrants dismissal of this claim. Contrary to State Farm's assertion, it appears that plaintiff's complaint explicitly seeks injunctive relief, in addition to damages. See Compl. ¶ 19 ("Plaintiff seeks injunctive relief to prevent State Farm from continuing to engage in the conduct alleged."). However, the Court agrees with State Farm that plaintiff fails to plead that he has no adequate remedy at law. See generally Compl. This is a requirement for a plaintiff to proceed under the UCL. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020). The Court finds that this defect is not incurable because plaintiff is entitled to plead inconsistent alternative theories at this stage. Anderson v. Edward D. Jones & Co., L.P., 990 F.3d 692, 701 (9th Cir. 2021). Accordingly, the Court determines that plaintiff's fifth claim must be dismissed for plaintiff's failure to plead that he lacks an adequate remedy at law, with leave to amend.

### D.    Sixth Claim for Negligent Misrepresentation

State Farm argues that plaintiff's sixth claim fails because, as a species of fraud, negligent misrepresentation claims must satisfy Rule 9(b), but plaintiff's complaint lacks any specific facts to support a fraud claim. Mot. at 5. State Farm asserts that the complaint alleges that State Farm represented as true that it would investigate plaintiff's insurance claim, but did not do so. Id. at 6. According to State Farm, this claim is based on a false promise, which is not an actionable misrepresentation under California law. Id. Further, State Farm contends that the complaint lacks facts to support reliance on State Farm's alleged promise and causation of plaintiff's damages. Id.

In opposition, plaintiff argues that the complaint shows that State Farm misrepresented a material fact crucial to his claim for damages to his residence. Opp. at 6. Plaintiff asserts that State Farm intended to defraud plaintiff by requesting further information for the investigation, when State Farm "already intended on denying [p]laintiff's claim." Id. Plaintiff argues that the complaint provides specific dates that the misrepresentations were made and demonstrates justifiable reliance on them. Id. Further, plaintiff contends that the misrepresentations caused damages in the form of emotional distress and financial hardship, and required plaintiff to incur additional expenses in filing this lawsuit. Id.

In reply, State Farm restates its argument that plaintiff's allegations do not rise to the level of specificity required by Rule 9(b). Reply at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-03880-CAS-AJRx | | Date | June 30, 2025 |
|---|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | | |

"The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." UMG Recordings, Inc. v. Glob. Eagle Ent., Inc., No. CV 14-3466-MMM-JPRx, 2015 WL 12746208, at *18 (C.D. Cal. Oct. 30, 2015) (citing Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC, 158 Cal. App. 4th 226, 243 (2007)). "Unlike fraud, 'negligent misrepresentation does not require knowledge of falsity.' 'Instead, a person who makes false statements, honestly believing that they are true, may still be liable for negligent misrepresentation if he or she has no reasonable grounds for such belief.'" Id. (citations omitted).

In California, "[a]n insurance company can be held liable for negligent misrepresentations that it makes directly." Croskey et al., Cal. Practice Guide: Insurance Litigation, § 11:53.8 (citing Mel H. Binning, Inc. v. Safeco Ins. Co., 74 Cal. App. 3d 615, 620 (1977)). An insurance company "can also be held vicariously liable for negligent misrepresentations made by its agents." Id. (citing Butcher v. Truck Ins. Exch., 77 Cal. App. 4th 1442, 1465 (2000) and Desai v. Farmers Ins. Exch., 47 Cal. App. 4th 1110, 1118 (1996)).

It appears that plaintiff's negligent misrepresentation claim is based on State Farm's alleged statement, on or about January 16, 2025, that plaintiff's claim for more than $80,000 in damages from the residential burglary was denied due to plaintiff's breach of his own duties under the policy. Compl. ¶ 53. The complaint therefore alleges that on or about January 16, 2025, State Farm misrepresented an existing fact. Plaintiff also alleges that State Farm "had no basis to claim that [p]laintiff had breached any of his duties that were owed to State Farm," and that State Farm made this statement with the intent to induce plaintiff's reliance, in order to distract plaintiff from State Farm's failure to handle plaintiff's claim "in a timely and reasonable manner." Id. ¶¶ 54-55. Finally, plaintiff alleges that he was justified in relying upon the misrepresentation because it was made by his own insurer during the administration of his claim, and that plaintiff was substantially harmed by it, because it further delayed resolution of his claim and forced him to initiate litigation. Id. ¶¶ 56-57.

The Court finds that these allegations adequately state a claim for negligent misrepresentation, whether such a claim is governed by Rule 9(b) or Rule 8. Assuming *arguendo* that Rule 9(b) applies, the Court notes that Rule 9(b) is relaxed when fraud or mistake is alleged between the parties to the instant action. See Neubronner v. Milken, 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-03880-CAS-AJRx | Date | June 30, 2025 |
|---|---|---|---|
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al | | |

F.3d 666, 672 (9th Cir. 1993) ("This court has held that the general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge."). Because whether or not plaintiff breached his duties under the policy is a matter within State Farm's knowledge, the Court finds that plaintiff's allegations meet the "relaxed" standard of Rule 9(b) imposed here. Furthermore, the Court recognizes that not all courts apply Rule 9(b) in these circumstances. Petersen described the application of Rule 9(b) to claims of negligent misrepresentation under California law as "contrary to both the express language and policy of [the Rule]." Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 417 (C.D. Cal. 2012). This is because Rule 9(b) was designed to protect defendants from "slander regarding… *intentional* malfeasance." Id. at 418 (emphasis in original). See also Woods v. Davol, Inc., No. 16-CV-02616-KJM-CKD, 2017 WL 3421973, at *7 (E.D. Cal. Aug. 9, 2017) (collecting cases and finding that "[m]any courts have adopted Petersen's reasoning and applied Rule 8 to a negligent misrepresentation claim."). Accordingly, the Court finds that plaintiff's negligent misrepresentation claim survives State Farm's motion whether Rule 9(b) or Rule 8 is applied.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** State Farm's motion. The Court **GRANTS** the motion to the extent it seeks dismissal of plaintiff's third, fourth, and fifth claims, with leave to amend. The Court **DENIES** the motion to the extent it seeks dismissal of plaintiff's sixth claim. Plaintiff shall file a first amended complaint no later than July 30, 2025.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |