UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03880-CAS-AJRx | Date | August 11, 2026 |
| Title | Arutyun Darakchyan v. State Farm General Insurance Company et al. | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 33, filed on July 2, 2026)

## I. INTRODUCTION

The Court finds that this matter may be appropriately decided without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On April 7, 2025, plaintiff Arutyun Darakchyan ("plaintiff") filed this action against defendants State Farm General Insurance Company ("State Farm") and Does 1-100 in Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). Plaintiff asserted six claims against defendants under California law.

On May 1, 2025, State Farm removed plaintiff's action to this Court on the basis of diversity jurisdiction. Dkt. 1.

On May 8, 2025, State Farm filed a motion to dismiss plaintiff's third, fourth, fifth, and sixth claims. Dkt. 6. On June 30, 2025, the Court granted State Farm's motion to dismiss plaintiff's third, fourth, and fifth claims with leave to amend, and denied the motion with respect to plaintiff's sixth claim. Dkt. 16.

On July 30, 2025, plaintiff filed his operative first amended complaint. Dkt. 17 ("FAC"). Plaintiff's FAC asserts three claims against all defendants under California law: (1) breach of insurance contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) negligent misrepresentation. Id. ¶¶ 21-44. Plaintiff also seeks punitive damages against State Farm for the second claim for breach of the implied covenant of good faith and fair dealing. Id. ¶ 33.

On July 2, 2026, State Farm filed the instant motion for summary judgment, or in the alternative, partial summary judgment. Dkt. 33 ("Mot."). State Farm concurrently filed a statement of uncontroverted facts, dkt. 35, as well as an appendix of exhibits, dkt. 36.

On July 18, 2026, plaintiff filed an opposition to State Farm's motion for summary judgment. Dkt. 40 ("Opp."). Plaintiff concurrently filed an appendix of exhibits, dkt. 40-1, several declarations, and a statement of genuine disputes of material fact, dkt. 40-14.

On August 10, 2026, State Farm filed a reply. Dkt. 43 ("Reply"). State Farm concurrently filed a response to plaintiff's statement of genuine disputes of material fact. Dkt. 44 ("Resp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[1]

State Farm issued plaintiff a Homeowners Policy, policy number 75-KC-N222-3, for the period of August 17, 2023 to August 17, 2024 (the "Policy"), for the property located at 5411 Donna Ave, Tarzana, CA 91356 (the "Property"). Resp. ¶ 1. The Policy sets forth an insured's duties after a loss. Dkt. 36-4 at 3 ("April 19, 2024 Denial Letter"). "After a loss …, [plaintiff] must cooperate with [State Farm] in the investigation of the claim and also see that the following duties are performed:"

---

[1] Plaintiff asserts numerous evidentiary objections to State Farm's evidence. See generally Resp. "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010). To the extent the Court relies on evidence to which there has been an objection, the Court has overruled the objection to that item of evidence. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (explaining that, at summary judgment, courts may consider any evidence that could be presented in an admissible form at trial).

a. give immediate notice to [State Farm] and also notify:
 (1) the police if the loss is caused by theft, vandalism, or any other criminal act; and
 (2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;
b. protect the property from further damage or loss and also:
 (1) make reasonable and necessary temporary repairs required to protect the property; and
 (2) keep an accurate record of repair expenses;
c. prepare an inventory of damaged or stolen personal property:
 (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
 (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;
d. as often as [State Farm] reasonably require[s]:
 (1) exhibit the damaged property;
 (2) provide [State Farm] with records and documents [State Farm] request[s] and allow [State Farm] to make copies;
 (3) while not in the presence of any other insured:
  (a) give statements; and
  (b) submit to examinations under oath; and
 (4) produce employees, members of the insured's household, or others for examination under oath to the extent it is within the insured's power to do so; and
e. submit to [State Farm], within 60 days after the loss, [the insured's] signed, sworn proof of loss that sets forth, to the best of [the insured's] knowledge and belief:
 (1) the time and cause of loss;
 (2) interest of the insured and all others in the property involved and all encumbrances on the property;
 (3) other insurance that may cover the loss;
 (4) changes in title or occupancy of the property during the term of this policy;
 (5) specifications of any damaged building and detailed estimates for repair of damage;

> (6) an inventory of damaged or stolen personal property described in 2.c.;
> (7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and
>
> (8) evidence or affidavit supporting a claim under SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

April 19, 2024 Denial Letter at 3.[2]

Moreover, the Policy contains a "Concealment or Fraud" provision, which provides:

> This policy is void as to [the insured] … if [the insured] … has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

Dkt. 36-8 at 4; see Resp. ¶ 2.

On February 9, 2024, plaintiff filed a claim with State Farm claiming that his Property was burglarized on February 2, 2024 (the "Claim"). Id. ¶ 3. Plaintiff initially reported to State Farm that he received an alarm notification at 10:01 p.m. that a robber was inside his house while he was away at a party with his family (the "Incident"). Id. ¶ 4. Plaintiff represented to State Farm that when he arrived at the Property approximately eight to ten minutes later, the robber had already left. Id. ¶ 5. Plaintiff stated that there was forced entry through his kitchen window and that he replaced the allegedly damaged window before submitting his claim. Id. ¶¶ 6-7. Plaintiff claimed that when he checked the security footage of his Property, he realized that the footage displayed the incorrect time, resulting in the footage displaying that the Incident occurred around 9:30 p.m. when it in fact occurred around 10:00 p.m., according to plaintiff. Id. ¶ 8. Plaintiff stated his alarm company automatically called the police, and the Los Angeles Police Department ("LAPD") showed up about two and a half hours later. Id. ¶ 9.

[2] The excerpt of the Policy stated in the April 19, 2024 Denial Letter is an undisputed fact. See Resp. ¶ 2.

Plaintiff's Claim was assigned to employees of State Farm's special investigative unit. Dkt. 40-13 (Declaration of Arutyun Darakchyan) ¶ 7; Dkt. 40-3. Plaintiff's Claim file states that State Farm employees should "[c]onsider … [c]ontact[ing] [the National Insurance Crime Bureau] to get details about the 2009 insurance fraud charge associated to [plaintiff]." Dkt. 40-10 at 8.

On February 20, 2024, State Farm took a recorded statement from plaintiff. Id. ¶ 10. Plaintiff reported that on the night of the burglary, his oldest son, Gregor, immediately left the party they were at and arrived at the Property a couple of minutes before plaintiff. Id. ¶ 11. Plaintiff estimated that the robbers were inside the property for six to seven minutes. Id. ¶ 12. State Farm suspected that six to seven minutes was insufficient time for the robbers to steal and damage plaintiff's property in the manner that plaintiff had claimed. Id. ¶ 13.

On February 22, 2024, State Farm reviewed screenshots of the Property surveillance footage which show activity occurring on February 2, 2024, from 9:21:10 p.m. to 9:31:11 p.m. based on the footage timestamp. Id. ¶ 14. State Farm requested the surveillance video footage of the Incident from plaintiff to supplement the still photos that plaintiff provided. Id. ¶ 15.

On March 1, 2024, State Farm performed an in-person inspection of the Property. Resp. ¶ 16. State Farm noted damage to the kitchen countertop, double panel windows, and window screens during the inspection. Id. ¶ 17. On April 5, 2024, State Farm reviewed a quote from "Future Window Donna" submitted by plaintiff for window replacement in the amount of $1,005.22. Id. ¶ 20-21. On April 15, 2024, State Farm reviewed additional documentation of plaintiff's claimed loss, including an inventory list for $83,073. Id. ¶ 26.

On April 19, 2024, State Farm issued a denial of coverage for plaintiff's Claim based on plaintiff's failure to submit some of the requested documentation. Id. ¶ 27 (citing April 19, 2024 Denial Letter).

On August 8, 2024, plaintiff's attorney agreed to provide the documents requested by State Farm but did not agree to produce Gregor's cell records. Id. ¶ 28. On August 12, 2024, State Farm retained outside counsel to proceed with plaintiff's examination under oath ("EUO"). Id. ¶ 29. State Farm received the following supplemental documents from plaintiff: (1) a supplemental handwritten inventory list; (2) National Monitoring Center Site Event History records on February 2, 2024; (3) Sworn Statement

in Proof of Loss ("SSPOL") for $83,073, digitally signed by plaintiff on August 3, 2024; and (4) phone records for plaintiff. Id. ¶ 30. On August 12, 2024, State Farm informed plaintiff's attorney by letter that the following requested documentation was still outstanding: (1) supporting documents, including a supplemental police report, in legible form; (2) purchase or ownership documentation for inventory items; (3) complete alarm records for the date of loss; and (4) Gregor's phone records from February 1, 2024 to February 3, 2024. Id. ¶ 31; Dkt. 36-5.

On September 17, 2024, State Farm received and reviewed the police report from the date of plaintiff's claimed loss. Id. ¶ 33. State Farm noted that plaintiff filed the police report at 12:35 a.m. on February 3, 2024 and listed missing property of a Chanel black leather purse for $13,800, a Cartier gold bracelet for $10,000, and a set of diamond earrings for $10,000, with all items totaling $33,800. Id.

On October 8, 2024, Plaintiff appeared for his EUO. Id. ¶ 35. State Farm's counsel and plaintiff discussed discrepancies in the inventories and the submitted receipts/ownership documents, as some receipts were submitted for items not listed in the inventory. Id. ¶ 37.

On January 13, 2025, State Farm fully denied plaintiff's Claim. Id. ¶ 42 (citing dkt. 36-8 ("January 13, 2025 Denial Letter")). State Farm offered the following reasons for denying the Claim:

> You have breached the Your Duties After Loss provision of the policy.
>
> You have violated the Concealment or Fraud provision of the policy by misrepresenting and concealing material information in the presentation of this claim.

January 13, 2025 Denial Letter at 2. In the denial letter, State Farm listed "multiple inconsistencies in [plaintiff's] presentation of the claim," including, but not limited to: inconsistencies between plaintiff's testimony at his EUO and State Farm's expert's opinion regarding the nature and causes of the claimed damage to plaintiff's countertops; discrepancies between plaintiff's inventory list of losses submitted to State Farm and the supplemental police report of plaintiff's claimed losses; that plaintiff submitted receipts for items that were not included in plaintiff's inventory list and for which plaintiff later testified were not related to the loss; plaintiff's conflicting testimony

regarding the duration of the burglary; and an unexplained delay in plaintiff's reporting the loss to State Farm. See id. at 2-5.[3]

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

---

[3] State Farm listed these alleged inconsistencies in its January 13, 2025 Denial Letter. The Court does not assume the truth of State Farm's statements in the January 13, 2025 Denial Letter for the purpose of this motion.

## IV. DISCUSSION

### A. Breach of Contract Claim

State Farm argues that plaintiff's claim for breach of contract fails because plaintiff cannot establish that he performed his obligations under the Policy. Mot. at 13. State Farm argues that plaintiff breached multiple duties required of him under the Policy, including by failing to give immediate notice to State Farm of his loss, failing to attach all bills, receipts, and related documents that substantiate his submitted inventory, failing to exhibit the alleged damaged property, failing to provide State Farm with his son's cell phone records, failing to produce his wife and son for EUOs, and failing to substantiate the time of loss. Mot. at 15-16. State Farm argues that plaintiff's material breach of such provisions, which are conditions precedent for coverage under the Policy, are grounds for denying plaintiff's Claim. Id. at 16 (citing cases). State Farm further argues that plaintiff's failure to perform his duties under the Policy substantially prejudiced State Farm in fully and fairly conducting its investigation. Id. at 19.

In opposition, plaintiff argues that genuine issues of material fact exist as to whether plaintiff substantially complied with his duties under the Policy to cooperate with State Farm's investigation. Opp. at 8. Plaintiff argues that only a total failure to comply with the Policy's proof of loss conditions will excuse an insurer's denial of benefits, whereas substantial compliance by the insured does not constitute breach. Id. (citing cases). Here, plaintiff argues that because it is undisputed that he provided documentation to State Farm, he diligently and substantially cooperated with State Farm's investigation. Id. Plaintiff argues that he did not breach the Policy by waiting a week to notify State Farm of the Incident; instead, plaintiff argues that he immediately reported the incident to the LAPD and repaired the allegedly broken window as required by the Policy before submitting the Claim to State Farm. Id. Plaintiff also argues he did not breach the Policy by submitting bills and receipts that did not match the inventory list reported to LAPD because he did so inadvertently and not intentionally or fraudulently. Id. at 9-10. Plaintiff further argues that he did not breach the Policy by repairing the allegedly damaged window before reporting the Incident to State Farm or by failing to provide an invoice with the date and time of the window repair. Id. Plaintiff argues that he exhibited the allegedly damaged window by submitting photos of the broken window, photos of the boarded-up window, photos of text messages demonstrating the cost of window replacement, and the invoice for the window repair. Id. Plaintiff further argues that he did not breach by refusing to provide his son's cell phone records or complete

alarm records for the date of the Incident because his son’s cell phone records were not material to State Farm’s investigation of the Incident. Id. at 10-11. Plaintiff further argues that he did not breach by failing to produce members of his household for EUOs regarding the Incident because State Farm never contacted him or his counsel to produce members of plaintiff’s household for EUOs. Id.

In reply, State Farm repeats that plaintiff’s material breaches of the Policy substantially prejudiced State Farm’s investigation of plaintiff’s Claim. Reply at 2-3.

“[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff’s performance or excuse for nonperformance, (3) defendant’s breach, and (4) the resulting damages to the plaintiff.” Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968)). “Interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation.” MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635, 647 (2003).

“A condition precedent refers to an act, condition or event that must occur before the insurance contract becomes effective or binding on the parties. In general, conditions neither confer nor exclude coverage for a particular risk but, rather, impose certain duties on the insured in order to obtain the coverage provided by the policy.” N. Am. Capacity Ins. Co. v. Claremont Liab. Ins. Co., 177 Cal. App. 4th 272, 289-90 (2009) (citation and alterations omitted). An “insured’s ‘duties after loss’” that are “expressly listed [in] a number of ‘conditions’ for coverage” are “conditions precedent for coverage under the insurance contract.” Abdelhamid v. Fire Ins. Exch., 182 Cal. App. 4th 990, 999 (2010). A failure to comply with a condition precedent precludes policy coverage. Hickman v. London Assur. Corp., 184 Cal. 524, 533 (1920) (“If the insured cannot bring himself within the terms and conditions of the policy, he cannot recover.”) (citation omitted). “Documents proving the existence or value of personal property are relevant and material to an insurer’s inquiry during the claims process.” Hernandez & Nunez, Inc. v. Penn-Am. Ins. Co., No. CV 18-4192 AS, 2019 WL 1423770, at *11 (C.D. Cal. Feb. 15, 2019) (internal citation omitted). “The total failure to comply with the proof of loss conditions will excuse an insurer’s potential liability due to failure of a condition precedent.” 1231 Euclid Homeowners Assn. v. State Farm Fire & Cas. Co., 135 Cal. App. 4th 1008, 1018 (2006).

"California courts have adopted the doctrine of substantial performance with respect to conditions precedent." Citrus El Dorado LLC v. Stearns Bank, No. SACV 09-1462, 2016 WL 7508194, at *5 (C.D. Cal. Apr. 18, 2016), aff'd sub nom. FNBN Rescon I, LLC v. Citrus El Dorado, LLC, 725 F. App'x 448 (9th Cir. 2018). An insured may be found to have substantially complied with the insurance contract when "the insured's noncompliance was … minor and the insured complied with at least some of the specific requirements at issue." Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 432 (9th Cir. 2011) (citing cases). On the other hand, "California courts have rejected substantial compliance arguments where the insured completely failed to comply with a warranty or condition." Id. "What constitutes substantial compliance or substantial performance is a question of fact to be decided by the trier of fact." Cline v. Yamaga, 97 Cal. App. 3d 239, 248 (1979); see also Citrus El Dorado LLC, 2016 WL 7508194, at *5 (the "issue here is whether [the plaintiff] substantially performed its obligations under the [contract]—a highly fact-intensive inquiry"). See also Constantidines v. State Farm Gen. Ins. Co., No. 2:24-CV-11091-JAK (JPRX), 2026 WL 372888, at *19 (C.D. Cal. Jan. 6, 2026) "Generally, a determination as to whether an insured breached his duty to cooperate and whether an insurer was prejudiced by that breach are questions of fact.") (citation omitted).

The Court finds that there is a genuine dispute whether plaintiff substantially complied with his obligations under the Policy; accordingly, State Farm is not entitled to summary judgment on plaintiff's breach of contract claim. State Farm argues that Abdelhamid, 182 Cal. App. 4th at 999, and Brizuela v. CalFarms Ins. Co., 116 Cal. App. 4th 578, 587-591 (2004), support its argument that plaintiff breached the Policy by failing to meet the conditions precedent to his coverage under the Policy. Mot. at 16-17. However, Abdelhamid and Brizuela are distinguishable. Here, it is undisputed that on August 12, 2024, plaintiff provided State Farm with a supplemental list of claimed stolen inventory, "National Monitoring Center Site History records for February 2, 2024," a "Sworn Statement in Proof of Loss" ("SSPOL") for $83,073, and plaintiff's phone records. Resp. ¶¶ 29-30. Moreover, it is undisputed that plaintiff participated in the EUO. Resp. ¶ 35. By contrast, in Abdelhamid, the California Court of Appeal affirmed the trial court's grant of summary judgment in favor of the insurer on the plaintiff's breach of contract claim because the plaintiff had submitted *none* of the required supplementary documentation by the time of her EUO, other than the estimated value of loss for plaintiff's house. See 182 Cal App. 4th at 1000. Similarly, in Brizuela, the court affirmed summary judgment on plaintiff's breach of contract claim in favor of the insurer

because the plaintiff "never submitted or agreed to submit to examination under oath" as required by his policy. 116 Cal. App. 4th at 595. Here, because it is undisputed that plaintiff submitted at least some of the requested supplementary documentation and participated in his EUO, plaintiff did not completely fail to comply with the conditions precedent to coverage under the Policy; therefore, there is a genuine dispute as to whether plaintiff substantially complied with his duties under the Policy. See Cline, 97 Cal. App. 3d at 248. For example, there is a genuine dispute as to whether plaintiff failed to exhibit the allegedly damaged window as requested by State Farm. See Resp. ¶ 22. There is also a genuine dispute as to whether plaintiff adequately confirmed the time of loss "to the best of [his] knowledge and belief" by providing screenshots of the Property's surveillance footage and offering an explanation for the thirty-minute disparity between the security footage timestamp of the Incident and the time of the Incident that plaintiff reported. Dkt. 36-4 at 3. Furthermore, there are genuine disputes as to whether plaintiff substantially complied with his duties to immediately notify State Farm of the loss, to produce plaintiff's son's cell phone records, and to produce his wife and son for EUOs, given that such issues raise factual questions as to what constitutes immediate notice, what documents were material to State Farm's investigation, and whether plaintiff had the authority to compel his wife and son appear for an EUO. See Resp. ¶¶ 3, 7, 27, 28, 41, 42. Accordingly, because there is a genuine dispute as to whether plaintiff substantially complied with his duties under the Policy, State Farm is not entitled to summary judgment on plaintiff's breach of contract claim. McCormick v. Sentinel Life Ins. Co., 153 Cal. App. 3d 1030, 1046 (1984) ("[W]here, as here, the insured may have *substantially* complied with those conditions of insurance we believe a summary judgment order is improper.") (emphasis in original).

### B. Breach of the Implied Covenant of Good Faith

State Farm argues that plaintiff's second claim for breach of the implied covenant of good faith and fair dealing fails because State Farm did not wrongfully withhold benefits due under the Policy. Mot. at 20. State Farm further argues that its denial of benefits was reasonable because State Farm's reasonably concluded that plaintiff breached the Policy. Mot. at 21. State Farm contends that because plaintiff caused unreasonable delay during the investigation and failed to submit certain documents, State Farm's denial of the Claim was objectively reasonable. Mot. at 22.

In opposition, plaintiff argues that there is a genuine dispute as to whether State Farm breached the implied covenant of good faith and fair dealing by refusing to pay

Policy benefits without proper cause. Opp. at 14. Plaintiff argues that State Farm never attempted to help him value or estimate his stolen inventory and did not reconcile differences in value in favor of affording coverage to plaintiff. Id. Plaintiff further argues that State Farm's entire investigation of the Incident was biased against him due to State Farm's pre-conceived belief that his Claim was fraudulent. Id. Plaintiff argues that State Farm's investigation of his Claim was biased because it was assigned to State Farm's special investigative unit almost immediately after he filed the Claim and because the special investigative unit was tasked with inquiring into a 2009 insurance fraud charge associated with plaintiff. Id. Thus, plaintiff argues that State Farm unreasonably denied his Claim in bad faith. Id. at 15.

In reply, State Farm argues that plaintiff fails to provide any evidence that State Farm's denial of his Claim was in bad faith. Reply at 3-4.

"Where there is a 'genuine dispute' between the insurer and the insured as to the existence of coverage or the amount due under the policy, the insurer cannot be liable in tort for breach of the implied covenant of good faith and fair dealing." Rappaport–Scott v. Interinsurance Exch. of Auto. Club, 146 Cal. App. 4th 831, 837 (2007); see also Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 347 (2001) ("It is now settled law in California that an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract."); Lunsford v. Am. Guarantee & Liab. Ins. Co., 18 F.3d 653, 656 (9th Cir. 1994) ("[A] court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability." (citing Franceschi v. American Motorists Ins. Co., 852 F.2d 1217, 1220 (9th Cir.1988)). "If conduct of the insurer in denying coverage was objectively reasonable, its subjective intent is irrelevant." CalFarm Ins. v. Krusiewicz, 131 Cal. App. 4th 273, 287 (2005). "A genuine dispute can be based 'on the fraud language in the policy,' even where the insured claims that the insurer's investigation was biased." Feldman v. Allstate Ins. Co., 322 F.3d 660, 670 (9th Cir. 2003) (citing Guebara v. Allstate Ins. Co., 237 F.3d 987, 996 (9th Cir. 2001)). Moreover, it is "not unreasonable for [the insurer] to rely on [factual] circumstances to conclude that [plaintiff]'s original claim may have been fraudulent. Such reasonableness is all that need be shown, even if it would be possible for a trier of fact to determine that [the insurer] ultimately is liable under the policy." Id. at 670 (holding that the insurer was entitled to summary judgment on plaintiff's breach of the

implied covenant of good faith claim because the insurer's reliance on information that a claimant had "purposely inflated the value of the stolen goods" and "never amended or resubmitted his claim even after [becoming] aware that the goods may have been worth much less" to deny his claim was reasonable).

The Court finds that there is a genuine dispute over whether plaintiff complied with his duties under the Policy such that State Farm was obligated to provide coverage for his Claim; therefore, State Farm is entitled to summary judgment on plaintiff's breach of the implied covenant of good faith claim. Rappaport–Scott, 146 Cal. App. 4th 831 at 837; Chateau Chamberay Homeowners Ass'n, 90 Cal. App. 4th at 347. As discussed, there are genuine disputes as to whether plaintiff substantially complied with his duty to immediately notify State Farm of his claimed loss, failed to exhibit the allegedly damaged window, failed to confirm the time of loss "to the best of [his] knowledge and belief," and failed to "attach[] all bills, receipts, and related documents that substantiate the figures in the inventory [of damaged or stolen personal property." Dkt. 36-4 at 3; Resp. ¶¶ 3, 7, 27, 28, 33, 34. Plaintiff himself acknowledges that he inadvertently submitted some receipts that did not match either the SSOL or the updated inventory list, and that he never amended or resubmitted his Claim to correct these discrepancies. See Opp. at 10. Moreover, given these discrepancies, and given evidence of a "2009 insurance fraud charge associated to [plaintiff]," dkt. 40-10 at 8, "[i]t was not unreasonable for [State Farm] to rely on these circumstances to conclude that [plaintiff's] original claim may have been fraudulent" and deny plaintiff's Claim. See Feldman, 322 F.3d at 670; Franceschi v. American Motorists Ins. Co., 852 F.2d 1217, 1220 (9th Cir. 1988) (applying California law and stating that "a court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, even if the court concludes the claim is payable under the policy").

Because "there is a 'genuine dispute' between [State Farm] and [plaintiff] as to the existence of coverage or the amount due under the [P]olicy, [State Farm] cannot be liable in tort for breach of the implied covenant of good faith and fair dealing." Rappaport–Scott, 146 Cal. App. 4th at 837. Accordingly, State Farm is entitled to summary judgment on plaintiff's claim for breach of the implied covenant of good faith.

### C. Negligent Misrepresentation

State Farm argues that plaintiff's negligent misrepresentation claim fails because plaintiff cannot establish that State Farm made a misrepresentation without reasonable

ground for believing it to be true. Mot. at 22. Plaintiff alleges that State Farm misrepresented to him that he breached his duties owed to State Farm under the Policy. See FAC ¶¶ 12, 40-41. State Farm argues that at the very least it had a reasonable basis to believe that plaintiff had breached his duties under the Policy. Mot. at 23. State Farm further argues there is no evidence suggesting that plaintiff justifiably relied on State Farm's alleged misrepresentation that plaintiff breached his duties under the Policy. Id.

In opposition, plaintiff argues that there are genuine disputes of material fact as to the first three elements of negligent misrepresentation. Opp. at 15. Plaintiff also argues that he justifiably relied on State Farm's misrepresentation by replacing a few of the stolen items. Id.

In reply, State Farm argues that it made truthful representations that plaintiff did not comply with his obligations under the Policy and that plaintiff intentionally concealed or misrepresented material facts or circumstances during State Farm's investigation. Reply at 4-5.

Negligent misrepresentation is the "assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." Cal. Civ. Code § 1710, subd. (2). "The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." UMG Recordings, Inc. v. Glob. Eagle Ent., Inc., No. CV 14-3466-MMM-JPRx, 2015 WL 12746208, at *18 (C.D. Cal. Oct. 30, 2015) (citing Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC, 158 Cal. App. 4th 226, 243 (2007)). "Unlike fraud, negligent misrepresentation does not require knowledge of falsity. Instead, a person who makes false statements, honestly believing that they are true, may still be liable for negligent misrepresentation if he or she has no reasonable grounds for such belief." Id. (cleaned up). See also Leason v. Berg, 927 F.2d 609 (9th Cir. 1991) ("Negligent misrepresentation requires 'the suggestion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true.' Cal.Civ.Code § 1710(2).").

The Court finds that State Farm is entitled to summary judgment on plaintiff's negligent misrepresentation claim because State Farm has met its initial burden of demonstrating that it had reasonable grounds believing its representation that plaintiff had breached his duties under the Policy was true, and plaintiff has not set forth evidence

showing a genuine issue for trial; the undisputed record demonstrates that State Farm had reasonable grounds for representing that plaintiff had breached his duties under the Policy. As the Court has discussed, the Court finds that there are genuine disputes as to whether plaintiff substantially complied with his duties under the Policy and as to whether State Farm breached its obligation to provide coverage for plaintiff's Claim. Accordingly, the Court concluded that, as a matter of law, State Farm's denial of plaintiff's Claim was not unreasonable. See Lunsford v. Am. Guarantee & Liab. Ins. Co., 18 F.3d 653, 656 (9th Cir. 1994) ("[A] court can conclude as a matter of law that an insurer's denial of a claim is *not unreasonable*, so long as there existed a genuine issue as to the insurer's liability."). It follows that State Farm's representation that plaintiff breached his duties under the Policy was not unreasonable—that is, State Farm did not make such representation "without reasonable ground for believing it to be true." See Apollo Cap. Fund, LLC, 158 Cal. App. 4th at 243. Thus, plaintiff cannot maintain his negligent misrepresentation claim.

Accordingly, the Court grants State Farm's motion for summary judgment as to plaintiff's negligent misrepresentation claim.

**D. Punitive Damages**

State Farm argues that plaintiff's claim for punitive damages fails because there is no evidence that State Farm acted with oppression, fraud, or malice. Mot. at 23. State Farm argues that if plaintiff's bad faith claim fails, then his claim for punitive damages should fail as well. Mot. at 23-24. State Farm further argues that even if the Court does not summarily adjudicate plaintiff's claim for bad faith, a finding of bad faith alone does not establish the required intent to injure for punitive damages. Mot. at 24.

In opposition, plaintiff argues that he has provided clear and convincing proof of oppression by State Farm that warrants punitive damages. Opp. at 16. Plaintiff argues that State Farm's immediate assignment of the Claim to State Farm's special investigative unit, the unit's inquiry into the 2009 insurance fraud charge, State Farm's repetitive requests for documentation, State Farm's false statement that it requested EUOs from plaintiff's household members, and State Farm's inaccurate non-meritorious loss amount all demonstrate oppression by State Farm. Id.

In reply, State Farm argues that even "[a]ssuming *arguendo* that the Court does determine that there is a triable issue of fact regarding [p]laintiff's [breach of the implied covenant of good faith claim], the evidence provided by [p]laintiff does not meet the

strict clear and convincing evidence standard required to award punitive damages." Reply at 5.

"In the insurance policy setting, an insured may recover damages not otherwise available in a contract action, such as . . . punitive damages if there has been oppression, fraud, or malice by the insurer." Cates Constr., Inc. v. Talbot Partners, 21 Cal. 4th 28, 43-44 (1999) (citing Cal. Civ. Code § 3294). "Before a plaintiff may ever recover under a claim for punitive damages, he or she must first establish by clear and convincing evidence that the defendant acted with malice, oppression or fraud." Adams v. Allstate Ins. Co., 187 F. Supp. 2d 1207, 1218 (C.D. Cal. 2002) (citations omitted). "'Thus, a plaintiff who is not able to survive summary judgment on an insurance bad faith claim, is also unable to survive summary judgment on a related claim for punitive damages.'" Mohr v. Catlin Ins. Co., No. 5:21-CV-01014-FWS-KK, 2023 WL 4680794, at *11 (C.D. Cal. May 3, 2023) (quoting Adams, 187 F. Supp. 2d at 1231). Even if an insurer "violated its duty of good faith and fair dealing, this alone does not necessarily establish that [the insurer] acted with the requisite intent" to award punitive damages. Silberg v. California Life Ins. Co., 11 Cal. 3d 452, 462-63 (1974).

Here, because the Court has found that State Farm is entitled to summary judgment on plaintiff's claim for breach of the implied covenant of good faith, State Farm is also entitled summary judgment on plaintiff's claim for punitive damages. Adams, 187 F. Supp. 2d at 1219 ("[A] plaintiff who is not able to survive summary judgment on an insurance bad faith claim, is also unable to survive summary judgment on a related claim for punitive damages."); see also Lunsford v. Am. Guarantee & Liab. Ins. Co., 18 F.3d 653, 656 (9th Cir. 1994) ("Punitive damages may be awarded when the insurer breaches the covenant of good faith and fair dealing *and* is 'guilty of oppression, fraud or malice.'") (emphasis added). Plaintiff may not recover punitive damages for breach of contract, plaintiff's sole surviving claim. City of Hope Nat'l Med. Ctr. v. Genentech, Inc., 43 Cal. 4th 375, 392 (2008).

Accordingly, the Court grants State Farm's motion for summary judgment on plaintiff's claim for punitive damages.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** State Farm's motion for summary judgment on plaintiff's breach of contract claim.

The Court **GRANTS** State Farm's motion for summary judgment on plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

The Court **GRANTS** State Farm's motion for summary judgment on plaintiff's claim for negligent misrepresentation.

The Court **GRANTS** State Farm's motion for summary judgment on plaintiff's claim for punitive damages.

The Court **VACATES** the hearing scheduled for August 17, 2026.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |